IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

v.                                :     Criminal No. TDC-19-0179

LEJEUNE SMITH                     :

## **MEMORANDUM AND ORDER**

LeJeune Smith, through counsel has filed a motion for review of his detention status. ECF 41. For the reasons set forth below, the motion for review is DENIED.

On December 2, 2019, Mr. Smith waived indictment and pled guilty to Counts One through Three of a superseding information charging him with violations of the Controlled Dangerous Substances Act and possession of a firearm and ammunition by a prohibited person. Defendant had consented to detention prior to his plea and after his plea remained in detention by the Court. Defendant faces a sentence of up to twenty years as to each of the two felony drug counts and up to ten years on the firearms conviction. Under 18 U.S.C. 3143(a)(2), a person awaiting sentencing for these offenses shall be detained unless there is a substantial likelihood that a motion for acquittal or a new trial will be granted AND the attorney for the government has recommended that no sentence of imprisonment be imposed, regardless of whether there is evidence that the person is not likely to flee or pose a danger to the community. Neither of those circumstances are present in this case, given the Defendant's guilty plea and the fact that the government is NOT requesting a sentence of no incarceration.

Mr. Smith, instead points to the current national state of emergency caused by the COVID 19 outbreak, his heart surgery which occurred "several years ago" without specifics, and history of asthma as increasing his risk of exposure. ECF 41-p.2.

This Court adopts the reasoning of Judge Paul W. Grimm set forth in his recent ruling in *United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020). *See also U.S. v. Bilbrough*, TDC-20-033-3, ECF 76 (Order by Magistrate Judge Timothy J.

Sullivan) and multiple opinions authored recently by members of this Court. Most notably, in response to a factually similar motion, this Court ruled that Defendant who has pled guilty is not eligible for a review of detention, absent "extraordinary circumstance" pursuant to 18 USC 1343(c). *United States v. Adams,* DKC-19-258-003, ECF 87. Where Defendant has not proven "extraordinary circumstances' there is no need to undertake an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. Sec. 3142(g). *Id*. The Court will then turn to the changed circumstances proffered by Defendant, consisting of the present state of the COVID-19 pandemic. I find by clear and convincing evidence, and by adopting the reasons set forth in the Opinion by Judge Grimm in *Martin* above as well as the related subsequent Opinions of this Court, Defendant has not proven "extraordinary circumstances" as to his specific confinement, to permit a review of his detention status. I also incorporate the ruling of Judge Chasanow in *Adams*, consistent with this Opinion, that Defendant is not entitled to a review of his detention status.

The Court acknowledges the concerns and risks of detained persons and particularly Defendant who has a history of asthma and heart surgery. Persons all over the world have been forced to deal with the direct and rippling effects of this pandemic outbreak. I also find that there is no evidence in light of the current COVID-19 pandemic that would support a constitutional violation such as to override the Bail Reform Act.

Accordingly, the motion (ECF 41) is DENIED. So Ordered this 27th day of March, 2020.

                                               /s/
                                    A. David Copperthite
                                    United States Magistrate Judge